IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

NANCY COLLAZO-ACEVEDO,

    Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

CIVIL NO. 10-1560 (CVR)

**OPINION AND ORDER**

    Plaintiff Nancy Collazo-Acevedo (hereafter plaintiff "Collazo-Acevedo") claimed before defendant the Commissioner of Social Security (hereafter "Commissioner") that she developed an inability to work since September 19, 2005, due to a mental condition, that is, a major depressive disorder. Ms. Collazo-Acevedo is a forty-eight (48) year old female, with high school education and previous work experience as an optical assistance.

    On May 9, 2007, plaintiff filed her initial application at the administrative level which was initially denied. Upon request of an administrative hearing, the presiding Administrative Law Judge ("ALJ") held same on September 24, 2009, wherein plaintiff Collazo-Acevedo waived being present and the testimony of a vocational expert was heard. Thereafter, the ALJ, Hon. Glen G. Meyers, issued an opinion finding plaintiff Collazo-Acevedo not to be under disability. The Appeals Council affirmed, for which plaintiff then filed before this Court seeking judicial review. *See* Title 42, United States Code, Section 405(g).

    In essence, plaintiff Collazo-Acevedo seeks judicial review of the final decision of the Commissioner denying her application for entitlement to a period of disability and ensuing benefits. (Complaint, Docket No. 1). Ms. Collazo-Acevedo submits, through her counsel

Atty. Salvador Medina De La Cruz, both in the Complaint and in the Memorandum of Law, that the final decision of the Commissioner be set aside or the matter be remanded for rehearing to the Commissioner. Plaintiff Collazo-Acevedo claims the decision of the ALJ, whose opinion was affirmed by the Appeals Court, should be set aside for it relied on the testimony of a vocational expert from hypothetical questions that did not accurately reflect Ms. Collazo-Acevedo's limitations, when testifying about available alternative work. As such, in addition to the ALJ's alleged failure to consider adequately the treating physicians' opinion, counsel for plaintiff submits there is no substantial evidence to support the administrative determination which denied plaintiff entitlement to a determination of disability and the corresponding benefits.

After the instant complaint was filed, the government filed its answer. The parties then filed their corresponding memoranda, with copy of the administrative record. Plaintiff Collazo-Acevedo, through counsel, provided consent for jurisdiction by a Magistrate Judge (Docket No. 24) which was approved by the Chief Judge. (Docket No. 25).

After an examination of the administrative record, defendant's brief, counsel for plaintiff's memorandum of law, as well as the administrative record containing the medical evidence on file, this United States Magistrate Judge finds the Commissioner's decision is supported by substantial evidence and is to be affirmed as further discussed.

**PROCEDURAL HISTORY AND THE ADMINISTRATIVE HEARING**

Ms. Collazo-Acevedo has alleged disability at age forty eight (48) for an inability to work as of September 19, 2005, because of recurrent bouts of depression. She worked as an optical assistant and filed for disability insurance benefits on May 9, 2007. Having

requested an administrative hearing upon initial denial of her application, she then waived to be present before the ALJ. The administrative hearing was entertained by plaintiff's legal representative, who was also able to consider and examine the vocational expert's testimony. (*Tr. pp. 24-29*). On October 6, 2009, the ALJ issued a decision finding Collazo-Acevedo was not under disability, which was subsequently affirmed by the Appeals Council. (*Tr. pp. 12-20*). Plaintiff Collazo-Acevedo has filed this federal action challenging this final administrative determination,

## THE ALJ'S DECISION AND THE APPEALS COUNCIL

The ALJ applied the evaluation administrative process mandated by law, insofar as concluding that plaintiff: (1) meets the non-disability requirements for a period of disability and disability insurance benefits and is insured for benefits through December 31, 2010; (2) has not engaged in substantial gainful activity since the alleged onset date of disability; (3) her allegations of a severe impairment: moderate major depressive disorder did not meet or equal the severity, requirements of the Listing of Impairments, but still impose moderate restrictions of activities of daily living, moderate difficulties in maintaining concentration, persistence and pace, without episodes of decompensation.

As such, the ALJ concluded the mental impairment resulted only in slight limitations in the capacity to perform regular work activity from the mental standpoint. Still, the ALJ considered plaintiff had the residual functional capacity to perform a full range of work at all exertional levels, but with non-exertional limitations such as: performance of complex tasks, contacts with public and frequent contact with supervisors and co-workers. Plaintiff was found able to perform unskilled, simple work activity. (*Tr. pp. 16-17*).

Although due to moderate mental impairments plaintiff Collazo-Acevedo was found unable to perform her past relevant work as an optical assistant, for it required frequent contact with co-workers and supervisors, as well as performance of complex tasks which exceeded her residual functional capacity, she retained the functional capacity to perform other kind of unskilled work. Through the testimony of the vocational expert, the ALJ identified there was other available work that existed in the national economy within the plaintiff's residual functional capacity. (*Tr. p. 19*).

## LEGAL ANALYSIS

**A. Legal Standard**.

The Court's review is limited to determine whether the ALJ deployed the proper legal standards and found facts upon the proper quantum of evidence. Manso-Pizarro v. Secretary of Health and Human Services, 76 F.3d 15, 16 (1st Cir. 1996). The ALJ's findings of fact are conclusive when supported by substantial evidence, 42 U.S.C. § 405(g), but are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts. Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999); Da Rosa v. Secretary of Health and Human Services, 803 F.2d 24, 26 (1st Cir. 1986); Ortiz v. Secretary of Health and Human Services, 955 F.2d 765, 769 (1st Cir. 1991).

To establish entitlement to disability benefits, the burden is on the claimant to prove that he/she is disabled within the meaning of the Social Security Act. *See* Bowen v. Yuckert, 482 U.S. 137, 146-47, n. 5 (1987). It is well settled law that a claimant is disabled under the Act if [s]he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in

death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(a). A claimant is unable to engage in any substantial gainful activity when the claimant is not only unable to do his/her previous work but, considering age, education, and work experience, cannot engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he/she lives, or whether a specific job vacancy exists, or whether he/she would be hired if he/she applied for work. 42 U.S.C. § 423(d)(2)(a).

In making a determination as to whether a claimant is disabled, all of the evidence in the record must be considered. 20 C.F.R. § 404.1520(a). A five-step sequential evaluation process must be applied to every case in making a final determination as to whether a claimant is or not disabled. 20 C.F.R. §§ 404.1520; *see* Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987); Goodermote v. Sec. of Health & Human Servs., 690 F.2d 5, 6-7 (1st Cir. 1982).

Through step one the ALJ determines whether the claimant is engaged in "substantial gainful activity." If he/she is, disability benefits are denied. §§ 404.1520(b). If he is not, the decision-maker proceeds to step two, through which it is determined whether the claimant has a medically severe impairment or combination of impairments. *See* §§ 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment or combination of impairments is severe, the evaluation proceeds to the third step, in order to determine whether the impairment or combination of impairments is equivalent to one of a number

of listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. §§ 404.1520(d); 20 C.F.R. pt. 404, subpt. P, App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one that is conclusively presumed to be disabling, the evaluation proceeds to the fourth step, through which the ALJ determines whether the impairment prevents the claimant from performing the work he/she has performed in the past. If the claimant is able to perform his/her previous work, he/she is not disabled. §§ 404.1520(e). If it is determined that the claimant cannot perform this work, then the fifth and final step of the process demands a determination on whether claimant is able to perform other work in the national economy in view of the residual functional capacity, as well as age, education, and work experience. The claimant would be entitled to disability benefits only if he/she is not able to perform other work. §§ 404.1520(f).

The claimant has the burden, under steps one through four, of proving that he/she cannot return to his former employment because of the alleged disability. Santiago v. Secretary of Health and Human Services, 944 F.2d 1, 5 (1st Cir. 1991). In the present case, plaintiff Collazo-Acevedo was found not able to return to her previous work as an optical assistance.

The ALJ concluded, at step five of the evaluation process, plaintiff Collazo-Acevedo not to be under disability for, although unable to perform her past relevant work, she could still perform other type of work as further established through the testimony of the vocational expert. The vocational expert, Héctor Puig, indicated plaintiff had performed

as optical assistant, a semi-skilled work that is of medium effort level and has no transferable skills. (*Tr. pp. 24-25*).

To questions of the ALJ for an individual of plaintiff's vocational experience, age and education, without exertional limitations and with mental limitations for simple, repetitive tasks, not having contact with public and supervisors and co-workers, the vocational expert submitted jobs such as finish worker in manufacturing which were available. Other available jobs such as classifiers, inspector, and ticketer, which were unskilled and either sedentary and up to medium, existed in significant numbers in the national economy. The ALJ considered there were jobs available within plaintiff's residual functional capacity, as indicated through the testimony of the vocational expert, for which Ms. Collazo-Acevedo was not to be considered disabled.

Counsel for plaintiff has indicated no adequate consideration was provided to plaintiff's mental limitations as reported by her treating physicians insofar as her inability to have marked limitations in understanding and memory and to sustain concentration and persistence and on which basis the hypothetical question of the ALJ was submitted to the vocational expert.

Still, the ALJ found that plaintiff's treating physician, although made a diagnosis of depressive disorder, severe, described an individual who was cooperative and well-groomed with appropriate affect. The medical record does not show how many times the treating psychiatrist, Dr. Gaztambide, saw plaintiff from 2005 through 2007 and most of the notes on record at the institution appear signed by other physicians.

On August 6, 2007, a consultative psychiatric examination was performed. Dr. Armando Caro found plaintiff reporting she stayed at her home most of the time and was independent in activities of daily living, being assisted in daily household chores by her children. Plaintiff Collazo-Acevedo handled her own money, her speech was fluent, coherent and logical. Concentration, judgment and insight were considered fair; mood was neutral and affect was appropriate. The diagnosis of Dr. Caro was of major depressive disorder, moderate, with impaired capacity for social interaction. (*Tr. pp. 214-215*).

A consultative psychologist, Hugo Román-Rivera, upon review of the record opined plaintiff Collazo-Acevedo had moderate restrictions in her activities of daily living, was moderately limited in maintaining social functioning and moderate difficulties in maintaining concentration, persistence and pace. (*Tr. p. 272*). She retained the capacity to perform simple tasks, persist at tasks to complete workday; to interact with others, and to adjust to changes in work setting. (*Tr. p. 235*).

Dr. Ronald Malavé completed a psychiatric evaluation upon plaintiff's complaints of depressed mood, anhedonia, lack of energy and diminished attention and concentration. The patient exhibited a withdrawn attitude and tense posture with psychomotor retardation. Mood was depressed and irritable. Thought process was coherent, relevant and logical. She was oriented in the three spheres, without perception deficits. (*Tr. pp. 243-249*). The patient's attention and concentration appeared poor and her immediate, recent and remote memory was preserved, with fair judgment and moderate insight. Dr. Malavé concluded plaintiff was markedly or extremely limited in work related mental

functions based on a well-documented history of recurrent bouts of depression and associate symptoms. (*Tr. pp. 249-253*).

The ALJ considered the opinions of Dr. Malavé and of Dr. Gaztambide, providing good reasons for rejecting them, relying instead in the opinion of the examining psychiatrist, Dr. Caro and the reviewing expert Dr. Román-Rivera. The ALJ submitted the opinions of Dr. Malavé and of Dr. Gaztambide were not supported by medically acceptable clinical diagnostic techniques for their physician's notes were mostly signed by other doctors and no indication of the dates they had treated plaintiff Collazo-Acevedo. Dr. Gaztambide was found not to provide an explanation for his opinion, while Dr. Gaztambide's conclusion was based on the alleged history of reported symptoms, without more. Furthermore, upon considering the longitudinal record of clinical treatment, the frequency of treatment and the medication prescribed, there is substantial evidence to support the ALJ's conclusions regarding the severity of plaintiff's conditions and her residual functional capacity assessment.

**B. Conclusions of Law**.

The Court of Appeals for the First Circuit has previously discussed the ALJ is "not required to recite every piece of evidence that favored appellant." Stein v. Sullivan, 966 F.2d 317, 319 (7th Cir. 1992) (noting that the level of articulation required is not precise). *See* 20 C.F.R. § 404.1527(d) ("We will always give good reason in our notice of determination or decision for the weight we give your treating source's opinion); SSR 96-2p ("the notice of determination or decision must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must

be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.").

The testimony of the vocational expert at the administrative hearings, provided a series of sedentary through medium and unskilled type of work which was available in the national economy and within plaintiff's residual functional capacity. Her physical and mental condition as evidenced by the record, would not preclude her from performing these jobs identified by the vocational expert, within the hypothetical questions submitted by the ALJ as to plaintiff Collazo-Acevedo's residual functional capacity. The ALJ's hypothetical questions were supported by the medical evidence as to plaintiff's residual functional capacity.

In light of the inconsistencies in the medical record, the extent of the medical treatment and the gaps therein found, the ALJ could properly rely in the consistent evidence of the medical consultant and the evaluations of Dr. Román-Rivera and Dr. Caro so as to resolve the conflicts in the medical evidence. A non-examining medical opinion may still constitute substantial evidence to support the administrative decisions in this kind of situations.[1] Berrios-López v. Secretary of Health & Human Servs., 951 F.2d 247, 431-32 (1st Cir. 1991) (finding non-examining state agency psychiatrist and psychologist, their assessment and/or reports of said consultative physicians provided substantial evidence to support the ALJ's determination). As such, it is for the ALJ to evaluate medical opinions

---

[1] Regulation 20 C.F.R. § 404.1527(d)(2) provides that generally more weight is giving to the opinions from treating sources, provided these are well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in record. When no controlling weight is given, good reasons are provided for the weight given to treating source's opinions.

from all sources and resolve ambiguities and inconsistencies, as here, through the use of consultative examinations. As a result thereof, non-examining and non-treating sources may override treating doctors opinions, provided there is support for the result in the record. More so since the residual functional capacity, on which the hypothetical questions to the vocational expert were made, is not a medical assessment but an administrative finding reserved to the Commissioner. *See* 20 C.F.R. §404.1527(e).

To review the final decision of the Commissioner courts must determine if the evidence of record meets the substantial evidence criteria. Substantial evidence is "more than a mere scintilla and such, as a reasonable mind might accept as adequate to support a conclusion". <u>Richardson v. Perales</u>, 402 U.S. 389 (1971), quoting <u>Consolidated Edison Co. v. N.L.R.B.</u>, 305 U.S. 197 (1938). The findings of the Commissioner as to any fact are conclusive, if supported by the above stated substantial evidence.[2] The court would set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on a legal error. <u>Seavey v. Barnhart</u>, 276 F.3d 1, 9 (1st Cir. 2001). *See* <u>Rodríguez</u>, 647 F.2d at 222.

As above discussed, in the present case, the decision of the Commissioner, adopting the findings of the ALJ, is supported by pertinent substantial evidence in the record as a whole.

---

[2] <u>Falú v. Secretary of Health & Human Servs.</u>, 703 F. 2d 24 (1st Cir. 1983).

## CONCLUSION

Therefore, this United States Magistrate Judge, having examined the record and the assessment of the evidence in the record as a whole, finds that the decision of the ALJ, as affirmed and becoming the final decision of the Commissioner of Social Security, is supported by substantial evidence.

Thus, it is **ORDERED** that the Commissioner's decision be **AFFIRMED**. The Clerk of the Court is to enter judgment accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, on this 16th day of August of 2011.

S/CAMILLE L. VELEZ-RIVE
CAMILLE L. VELEZ RIVE
UNITED STATES MAGISTRATE JUDGE